[Civil No. 372.   Filed January 30, 1894.]

[36 Pac. 32.]

## BOARD OF REGENTS OF THE UNIVERSITY OF ARIZONA, Plaintiff and Appellant, v. MARY CHARLEBOIS, Defendant and Appellee.

1. SCHOOL LANDS—ACTION FOR POSSESSION—EVIDENCE.—In an action to recover the possession of school lands, it is necessary for the plaintiff to show an actual possession and ouster.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Henry C. Gooding, Judge. Affirmed.

The facts are stated in the opinion.

C. F. Ainsworth, for Appellant.

Webster Street, for Appellee.

ROUSE, J.—This was an action for the possession of a portion of section 36, township 2 north, of range 2 east, of Gila and Salt River meridian, a school section, described in the complaint by metes and bounds, in Maricopa County, Arizona. It appears from the record in this case that one E. J. Edwards made a deed for said land to one George Marlow; that after the execution of said deed by Edwards to Marlow, Marlow died; that Charles Goldman and Oscar L. Gibbs were duly ap-

pointed administrators of his estate; that they received an order from the probate court of Maricopa to sell the interest of Marlow in said land, and that they did sell it under said order, treating Marlow's right thereto as a possessory right, and selling it as such, pursuing the course pointed out by the statutes and required in proceedings for the sale of personal property belonging to the estate of the decedent. The said right was purchased by one F. A. Gully, and thereafter said Gully and wife deeded said property to the appellant. The complaint was regular in form, and appellee pleaded not guilty thereto.

On the trial exceptions were taken by appellant to the ruling of the court in admitting in evidence in behalf of appellee improper testimony, and in refusing to give certain instructions asked by appellant, and in giving certain instructions at the request of appellee, and in giving certain instructions on its own motion. All the testimony given on the trial is not preserved in the bill of exceptions, and it is impossible for us to determine whether the errors complained of, many of which are apparent, were material. It is shown by the record that the title to the land described is in the United States; that the contest is over the right of possession. The record does not show that appellant, in its right, or by any one from whom it claims, has at any time had actual possession of the land. Appellant and appellee claim through a common source, and it does not appear which first acquired *pedis possessio.* In fact, we do not learn from the record that any one from whom appellant claims, excepting Marlow, was ever in possession of the land. Appellee claims possession, too, through Marlow; and while the evidence does not show when the appellee went into possession, the pleadings do show that she was in possession at the time the suit was commenced. It is not necessary that we should consider the many questions urged as errors by appellant, inasmuch as, from the record, the judgment must be affirmed, as it was necessary for appellant to show an actual possession, and that it had been ousted, before it could recover; and it is so ordered.

Sloan, J., and Hawkins, J., concur.

Baker, C. J., did not take part in this case.